# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCSICO MOJICA,<br><br>Defendant. | Case No. 14-cr-2010-BAS-2<br>16-cv-1424-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[ECF No. 93]** |

Pending before the Court is Defendant Francisco Mojica's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant, who is proceeding *pro se*, was sentenced after entering into a plea agreement. He challenges his sentence on two grounds: (1) his guilty plea was not knowing and voluntary; and (2) he was denied effective assistance of counsel. The Government opposes the motion, supporting its opposition with a copy of the plea agreement, and transcripts from the change-of-plea and sentencing hearings.

For the following reasons, the Court **DENIES** Defendant's motion.

//

14cr2010

1

## I.   BACKGROUND

Defendant was charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The cocaine amounted to approximately 18.55 kilograms. (Plea Agreement § II.B.) Defendant's involvement in the offense was assisting his co-defendant in the delivery of the cocaine to a location 2 miles north of the Camp Pendleton military facility. (*Id.*)

In October 2014, he signed a plea agreement in which he admitted there is a factual basis for his guilty plea. (Plea Agreement § II.B.) On November 3, 2014, the Court held the change-of-plea hearing where Defendant pled guilty. (ECF No. 48.) The plea agreement was filed on the same day. (ECF No. 48.)

On April 6, 2015, the Court held the sentencing hearing where Defendant was committed to the Federal Bureau of Prisons for a term of 48 months followed by supervised release for 3 years. (ECF No. 80.) Though Defendant was not fined, a $100 special assessment was imposed. (*Id.*)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings "[t]he judge who receives the motion must promptly examine it[,]" and "[i]f it plainly appears from the motion, any attached exhibits, and the records from the prior proceedings that the [defendant] is not entitled to relief the judge must dismiss the action and direct the clerk to notify the moving party."

To warrant relief, the defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on

the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a defendant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

## III.   DISCUSSION

### A.   Validity of Plea Agreement

"A guilty plea is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"[1] *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).

A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "[A] plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady*, 397 U.S. at 755. "[A] guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act.'" *Sanchez v.*

---

[1] A plea is unintelligent if a defendant's plea decision is based on advice from counsel that is not "within the range of competence demanded of attorneys in criminal cases," or if a defendant for any other reason lacks "sufficient awareness of the relevant circumstances and likely consequences" of a plea. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Brady v. United States*, 397 U.S. 742, 748, 756 (1970); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The following cases are examples of attacks on the "intelligence" of pleas in the Ninth Circuit: *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997); *United States v. Cortez*, 973 F.2d 764, 767-68 (9th Cir. 1992); and *United States v. Carrasco*, 786 F.2d 1452, 1454-55 (9th Cir. 1986).

1 │ *United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United*
2 │ *States*, 368 U.S. 487, 493 (1962)).

3 │      Courts examine the totality of the circumstances to determine voluntariness.
4 │ *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). In determining
5 │ whether a defendant's guilty plea satisfies the due-process requirement for
6 │ voluntariness, the Ninth Circuit focuses on the "thoroughness" of the Rule 11
7 │ hearing. *United States v. Cook*, 487 F.2d 963, 965 (9th Cir. 1973). Statements made
8 │ by a criminal defendant contemporaneous with the plea are afforded great weight in
9 │ assessing the voluntariness of a guilty plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th
10 │ Cir. 1986); *see also United States v. Boniface*, 601 F.2d 390, 393 (9th Cir. 1979).

11 │      Despite Defendant's contentions that he was "induced to sign a plea of guilty"
12 │ and "under the effect of . . . methamphetamine," there is a signed plea agreement that
13 │ includes a provision stating that his guilty plea was knowing and voluntary. (Plea
14 │ Agreement § VI.) Defendant even confirmed this by initialing the bottom of the page
15 │ that states he "has had a full opportunity to discuss all the facts and circumstances of
16 │ this case with defense counsel, and has a clear understanding of the charges and the
17 │ consequences of this plea," and that "[n]o one has threatened defendant or
18 │ defendant's family to induce this guilty plea[.]" (*Id.*)

19 │      In addition to the signed plea agreement, the Government provides a transcript
20 │ from the change-of-plea hearing in which this Court determined the following based
21 │ on Defendant's statements:

22 │     (1)   Defendant had not consumed "any alcohol, drugs, or medication in the
23 │        past 48 hours" and that he had not "been treated for any mental illness
24 │        or addiction to narcotic drugs that might affect [his] ability to
25 │        understand" that he was pleading guilty to the criminal charges against
26 │        him (Change of Plea Tr. 3:22-4:11);

27 │ //
28 │ //

14cr2010

(2)   Defendant reviewed the charges against him with counsel (*id.* at 4:12-5:4);

(3)   Defendant had the plea agreement read to him, reviewed the terms of the plea agreement with his counsel, initialed each page, signed the document, and had no questions about what he signed (*id.* at 5:5-6:3);

(4)   Defendant understood the constitutional rights that he would be giving up (*id.* at 6:18-7:19);

(5)   Defendant understood the maximum penalties and possible collateral consequences of pleading guilty (*id.* at 8:22-11:12);

(6)   Defendant discussed sentencing guidelines and factors with counsel prior to pleading guilty (*id.* at 10:18-11:12); and

(7)   Defendant was satisfied with the representation of his counsel (*id.* at 4:24-5:2).

Following the requirements set forth in Federal Rule of Criminal Procedure 11(b), the Court found that Defendant knowingly and voluntarily entered his guilty plea; understood the elements of the crime and the possible consequences; and the terms of the plea agreement and the factual basis of the plea. (Change of Plea Tr. 14:6-12.) As the Government emphasizes, at no time during the hearing was Defendant's competency raised as an issue, either because of drug abuse or otherwise. As there was no reason to doubt Defendant's competence, a more searching inquiry of Defendant's voluntariness was not necessary. *See Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993) ("As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence.").

The record before the Court demonstrates that Defendant knowingly and voluntarily pled guilty pursuant to a written and signed plea agreement containing a valid waiver of appeal and a waiver of his right to collaterally attack his conviction or sentence. Defendant's deliberate choice was directly confirmed by the Court

during the change-of-plea hearing. Therefore, the Court rejects Defendant's challenge to his conviction and sentence on the grounds that he did not knowingly and voluntarily enter his guilty plea.

### B.   Ineffective Assistance of Counsel

Defendants have a Sixth Amendment right to effective assistance of counsel. *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). "The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S. at 58.

To prove ineffective assistance of counsel, "the defendant must first show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. The defendant must show that counsel's representation fell below an objective standard of reasonableness, assessed based on prevailing professional norms at the time. *Silva v. Woodford*, 279 F.3d 825, 838 (9th Cir. 2002). And second, "the defendant must show that counsel's deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *cf. Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance"). That said, judicial scrutiny of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689.

//

14cr2010

In the context of the plea process, *Strickland*'s prejudice prong requires the defendant show that the outcome of the plea process would have been different with competent advice. *Lafler*, 132 S. Ct. at 1384. "An error by counsel, even if professionally unreasonable, does not warrant setting aside judgment in a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Defendant emphasizes three points in arguing that he received ineffective assistance of counsel: (1) he was not told that he would receive "a very high sentence"; (2) he was under the influence of drugs when he pled guilty; and (3) his co-defendant received a 12-month sentence compared to his 48-month sentence. It appears that the third point, understandably, is the primary motivation for this motion. In response, the Government argues that Defendant fails to establish that his counsel's performance was either deficient or prejudicial. The Court agrees with the Government.

The Court already discussed at length above that the record demonstrates Defendant knowingly and voluntarily pled guilty. He gave every indication, both written in the plea agreement and orally during the change-of-plea hearing, that he understood the maximum penalties and possible collateral consequences of pleading guilty. (*See* Change of Plea Tr. 8:22-11:12.) And as the Government emphasized, at no time during the change-of-plea hearing was Defendant's competency raised as an issue, either because of drug abuse or otherwise.

Turning to his counsel's performance, without the benefit of the plea agreement, Defendant faced a maximum 20-year prison term, and a guideline range of 135 to 168 months without reductions for acceptance of responsibility and fast track. However, his counsel successfully negotiated a plea agreement with the Government, which led to a 3-level downward adjustment for acceptance of responsibility, a 4-level downward departure for fast track, and a 2-level downward departure under U.S.S.G. § 5K1.1. (Sentencing Tr. 3:19-4:5.) That produced a guideline range of 51 to 63 months, but Defendant's counsel was able to persuade

the Court to impose a sentence below that guideline range at 48 months during the sentencing hearing.[2] (*Id.*)

Finally, the co-defendant's sentence has little relevance to Defendant's sentence. Recognizing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the co-defendant's personal history and characteristics provided circumstances that *warranted* imposing disparate sentences, including the co-defendant's lower criminal history category and his minor role in the offense. *See* 18 U.S.C. § 3553(a)(6). This Court is not required to impose the same sentence on Defendant as the co-defendant given the policy that the sentencing court is also required to examine "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1).

Defendant fails to demonstrate his counsel's performance was deficient in any way. There are no circumstances described that remotely suggest that his counsel's representation was outside "the range of competence demanded of attorneys in criminal cases." *See Hill*, 474 U.S. at 56. Defendant also fails to demonstrate he was prejudiced such that "there [was] a reasonable probability that . . . the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 687, 694. Therefore, the Court concludes that Defendant is not entitled to relief for the ineffective assistance of counsel in violation of the Sixth Amendment. *See id.* at 686.

## IV.   CONCLUSION & ORDER[3]

In light of the foregoing, the Court **DENIES** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 93.) Because

---

[2] Regarding Defendant's sentence, the United States Probation Office calculated a guideline range of 63 to 78 months. (PSR ¶¶ 81-83, ECF No. 55.)

[3] Because the motion, files, and records of the case conclusively show that Defendant is not entitled to relief under § 2255, the Court **DENIES** Defendant's request for a hearing. *See* 28 U.S.C. 2255(b) (A district court may not deny a motion brought under § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]").

14cr2010

1    reasonable jurists would not find the Court's assessment of the claims debatable or

2    wrong, the Court **DECLINES** to issue Defendant a certificate of appealability. *See*

3    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4        **IT IS SO ORDERED.**

5

6    **DATED:  July 22, 2016**

7                                **Hon. Cynthia Bashant**

                                   **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28